**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **EDDIE DUDLEY,** ) | Case No. 1:13CV1277 |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| **KIMBERLY CLIPPER, WARDEN,** ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | **OF MAGISTRATE JUDGE** |
| ) | |

On June 4, 2013, Eddie Dudley ("Petitioner"), pro se, executed a petition for a writ of federal habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from convictions entered by the Cuyahoga County, Ohio Court of Common Pleas for one count of kidnapping, one count of felonious assault, and one count of domestic violence. On November 13, 2013, Respondent, Kimberly Clipper ("Respondent"), Warden of the Lorain Correctional Institution, filed an answer/return of writ. ECF Dkt. #9. Petitioner has filed a traverse and a motion for leave to amend his traverse. ECF Dkt. #s 12, 13. Respondent has filed a response to the motion for leave to amend the traverse. ECF Dkt. #15. For the following reasons, the undersigned DENIES Petitioner's motion to amend his traverse and recommends that the Court DISMISS the instant petition, in its entirety, with prejudice:

## I.    SYNOPSIS OF THE FACTS

The Eighth District Court of Appeals of Ohio set forth the relevant facts on direct appeal. ECF Dkt. #9-1 at 6-14. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999):

> The following evidence was adduced at trial. Lesneski testified that she and Dudley were engaged and had been living together in their apartment for over a year. In the evening and early morning hours of October 26, 2009, Dudley repeatedly and violently assaulted her, causing her serious injuries that included a gash above her eye and a broken nose. After the assault, Dudley refused to allow her to seek medical attention. Lesneski was forced to escape from the apartment through a

> bedroom window. Once outside, she entered a nearby store and a clerk called police. Lesneski was taken to the hospital where she received treatment for her injuries.
>
> * * *
>
> A review of the record reveals that Lesneski's testimony regarding the incident is corroborated by other evidence. She testified that she and Dudley began to argue between 6:00 and 8:00 p.m. She testified that the argument escalated and Dudley began to physically abuse her. Dudley refused to allow her to leave the apartment. Lesneski eventually cut through the screen of one of the bedroom windows and climbed out.
>
> An upstairs neighbor, Reola Hood, testified that she heard what sounded like fighting in the apartment where Dudley and Lesneski lived.
>
> Cleveland police officers Lisa Cornell and Jill Pendersen, who responded to the scene, testified when they approached Lesneski at the store, she was injured and bleeding, as well as visibly shaken and afraid.
>
> Laura Gaertner, the hospital's sexual assault nurse examiner, testified that Lesneski was badly beaten and in need of stitches, which was corroborated further by Lesneski's medical records. The State produced photos of her injuries as well.
>
> The detectives who investigated testified that they observed the torn window screen, and the State produced photos of the bedroom window screen with the cuts that Lesneski described.
>
> Despite her initial fear and hesitancy to identify Dudley by name, Lesneski consistently identified her attacker as her fiancé, and eventually provided his name.

ECF Dkt. #9-1 at 12-13.

## II.   PROCEDURAL BACKGROUND

### A.   State Trial Court

The September 2009 Term of the Cuyahoga County Grand Jury issued an indictment charging Petitioner with one count of kidnapping in violation of Ohio Revised Code ("ORC") § 2905.01(A)(3)(count 1); one count of felonious assault in violation of ORC. § 2903.11(A)(1)(count 2); and one count of domestic violence in violation of ORC § 2919.25(A)(count 3.) ECF Dkt. #9-1 at 15-16.

A jury convicted Petitioner on all counts in the indictment and on March 12, 2010, the trial court held a sentencing hearing and sentenced Petitioner to a term of imprisonment of three years on count 1, four years on count 2, and six months on count 3, with the sentences for counts 1 and 2 to run consecutively to one another and the six-month sentence on count 3 to run concurrently with

counts 1 and 2. ECF Dkt. #9-1 at 4. The trial court's journal entry further indicated that Petitioner was subject to five years of post-release control following his release from prison. *Id*.

### B. Direct Appeal

On April 12, 2010, Petitioner, through counsel, filed a notice of appeal to the Eighth District Court of Appeals. ECF Dkt. #9-1 at 17. Petitioner raised the following assignments of error in his appellate brief:

> I. Defense Counsel was Ineffective in Violation of the Sixth Amendment Guarantee.
>
> II. The Finding of Guilty was Against the Manifest Weight of the Evidence.

ECF Dkt. #9-1 at 19. The State of Ohio filed an appellate brief. *Id*. at 48-57.

On February 17, 2011, the appellate court affirmed Petitioner's conviction and sentence. ECF Dkt. #9-1 at 6-14.

### C. Supreme Court of Ohio

On February 25, 2013, Petitioner pro se filed a notice of appeal and a motion for leave to file a delayed appeal to the Supreme Court of Ohio. ECF Dkt. #9-1 at 58-66. Petitioner explained in his motion for leave that his appellate counsel failed to inform him that his appeal had been denied and he did not discover the denial until April 9, 2012 when a family member told him. *Id*. at 62. Petitioner indicated that he then wrote his appellate counsel to ask her why she did not notify him or provide him with a copy of the appellate opinion so that he could file an appeal to the Supreme Court of Ohio. *Id.* Petitioner explained that after he received no response from appellate counsel, he lodged a complaint with disciplinary counsel on April 17, 2012 and thereafter received a copy of the appellate opinion on May 25, 2012. *Id*. at 63. Petitioner indicated that he then filed a Rule 26(B) application for a delayed appeal as he thought that this was his only option and when the Ohio appellate court denied the motion as untimely, he filed a Rule 26(A) motion for reconsideration, which the Ohio appellate court denied on November 26, 2012. *Id*. Petitioner asserted that he filed a notice of appeal to the Ohio Supreme Court and a memorandum on December 20, 2012, but the notice and memorandum were not docketed by the Supreme Court of Ohio and returned to him because the memorandum contained Rule 26(B) issues. *Id*.

On April 24, 2013, the Supreme Court of Ohio denied Petitioner's motion for a delayed appeal and dismissed his case. ECF Dkt. #9-1 at 75.

### D. Motion for Resentencing

On May 24, 2012, after his direct appeal had been denied but before Petitioner filed an appeal to the Supreme Court of Ohio, Petitioner pro se filed a motion for resentencing in the trial court. ECF Dkt. #9-1 at 76. Petitioner asserted that the trial court erred by sentencing him for allied offenses of similar import as his convictions for kidnapping, felonious assault and domestic violence should have been merged for sentencing purposes. *Id*. at 77-80. The State of Ohio filed a response in opposition to the motion asserting that Petitioner should have raised this issue on appeal and not in a motion for resentencing. *Id*. at 81-82. The State also argued that no legitimate claim existed regarding allied offenses and the claim was otherwise barred by res judicata. *Id.* at 82.

On June 22, 2012, the trial court denied Petitioner's motion. ECF Dkt. #9-1 at 88.

### E. Rule 26(B) Application for Reopening Appeal

On July 26, 2012, Petitioner pro se filed a Rule 26(B) application for reopening in the Eighth District Court of Appeals. ECF Dkt. #9-1 at 89. He presented the following assignments of error:

> FIRST ASSIGNMENT OF ERROR: The trial court committed plain error in failing to merge all three counts of the indictment for sentencing purposes or at least in failing to conduct an allied offenses of similar import analysis prior to sentencing the Defendant.
>
> SECOND ASSIGNMENT OF ERROR: The trial court erred as a matter of law and to the prejudice of the defendant and abused it's[sic] discretion in sentencing Mr. Dudley for consecutive sentences Without making the requisite findings under R.. 2929.14.
>
> THIRD ASSIGNMENT OF ERROR: Appellate counsel was ineffective for failing to raise winning issues.

*Id.* at 91-94. As the winning issue that appellate counsel failed to raise, Petitioner alleged that counsel should have asserted the trial court's error in sentencing Petitioner for multiple sentences for allied offenses of similar import. *Id.* at 93. The State of Ohio filed a memorandum in opposition to the application. *Id.* at 99-105. Petitioner filed a reply. *Id*. at 106-110.

On October 31, 2012, the Ohio appellate court denied Petitioner's Rule 26(B) application,

-4-

finding that he failed to timely file his Rule 26(B) application and failed to assert in his application any basis of good cause for his untimely filing as required by Rule 26(B)2)(b) of the Ohio Rules of Appellate Procedure. ECF Dkt. #9-1 at 115-119. The court noted that Petitioner had advanced reasons for his untimely filing in his reply brief as he indicated that he had difficulty obtaining legal documents and relied upon appellate counsel. *Id.* at 119. However, the Ohio appellate court cited to caselaw and held that neither reason established good cause for the untimely filing of a Rule 26(B) application. *Id.*

On November 19, 2012, Petitioner pro se filed an application pursuant to Rule 26(A) for the court to reconsider its denial of his Rule 26(B) application. ECF Dkt. #9-1 at 121.

On November 26, 2012, the appellate court denied Petitioner's Rule 26(A) motion, finding that it was inapplicable to Rule 26(B). ECF Dkt. #9-1 at 126.

### III. FEDERAL HABEAS CORPUS PETITION

On June 4, 2013, Petitioner pro se executed the instant petition seeking relief from his state court conviction and on June 10, 2013, the petition was docketed. ECF Dkt. #1. Petitioner presents the following grounds for relief:

**Ground One:**

> Ineffective Assistance of Trial Counsel for failure to cross-examine the victim in direct regard to victim's inconsistent statements.
>
> **Supporting facts**: There existed numerous inconsistencies in direct comparison of the victim's statements to the police, the prosecutor: that very material to the actual events that trial counsel totally failed to expose to the jury during his cross-examination of her.Thus, prejudicing petitioner.

**Ground Two:**

> Convictions were against the Manifest Weight of Evidence.
>
> **Supporting facts**: The State failed to submit evidence so as to prove each and every element of the crimes, as such the jury clearly lost their way in finding petitioner guilty.

**Ground Three**:

> Ineffective Assistance of Appellant[sic] Counsel: for failure to raise winning issue of trial court's failure to perform requested Allied Offense of Similar Import Analysis.

> **Supporting facts**: The Convictions of Kidnapping and Felonious Assault were alleged to be committed at the same time, with a single animus: thereby the offenses for the two convictions should have been merged at sentencing.
>
> **Ground Four**:
>
> Ineffectiv[sic] Assistance of Appellant[sic] Counsel: for failure to raise winning issue of Abuse of Discretion of trial court when it issued consecutive sentences without first making the requisite findings under O.R.C. 2929.14.
>
> **Supporting facts**: Before a trial court has the authority to issue consecutive sentences it is mandated to first make findings on the record in accordance with the specific precepts of 2929.14. Which the trial court failed to do.

ECF Dkt. #1.

## IV.   PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent first contends that the instant petition is time-barred and should be dismissed. In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review "with respect to the pertinent judgment or claim" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

## V. MOTION TO AMEND TRAVERSE

On July 3, 2014, Petitioner filed a motion for leave to amend his traverse. ECF Dkt. #13. Petitioner notes that he briefly asserted in his traverse that he was denied the effective assistance of appellate counsel and seeks to expand upon this claim in order to show that he was unable to timely file for collateral review in the state courts and was erroneously denied "good cause" for his delayed filings in those courts. *Id*. He wishes to elaborate on this issue in order to show cause to excuse an alleged procedural default of his federal habeas corpus petition as argued by Respondent. *Id.*

Respondent has filed a brief in opposition to Petitioner's motion for leave to amend his traverse. ECF Dkt. #15. Respondent argues that Petitioner did not raise such claims of ineffective appellate counsel in his Rule 26(B) application before the Ohio appellate court and therefore should not be able to raise such claims before this Court. *Id.* Respondent also asserts that it would be futile for this Court to grant Petitioner leave to amend when his federal habeas corpus petition is time-barred and not entitled to equitable tolling. *Id.* at 3.

As explained fully below, the undersigned DENIES Petitioner's motion for leave to amend his traverse (ECF Dkt. #13) because the undersigned recommends that the Court find that Petitioner's federal habeas corpus petition is time-barred and not entitled to equitable tolling.

## VI. ANALYSIS

### A. AEDPA STATUTE OF LIMITATIONS

Respondent argues that Petitioner's AEDPA statute of limitations began to run on April 5, 2011, 45 days after the Ohio appellate court denied his direct appeal and his time expired in which to seek direct review from the Supreme Court of Ohio. The Ohio appellate court denied Petitioner's direct appeal on February 17, 2011. ECF Dkt. #9-1 at 6. Petitioner had 45 days, or until April 4, 2011 in which to seek review from the Supreme Court of Ohio. *See* Ohio S.Ct. Pract. R. 2.2(A)(1)(a). April 4, 2011 was a Sunday, so Petitioner's deadline in which to file for direct review extended to Monday, April 5, 2011. Ohio R. Civ. P. 6(A). Petitioner failed to timely appeal to the Supreme Court of Ohio, so his conviction became final on the next day, April 6, 2011. 28 U.S.C. § 2244(d)(1)(A); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Therefore, absent any tolling, Petitioner's federal habeas corpus petition was due on or before April 6, 2012. Petitioner filed the instant federal habeas corpus petition on June 4, 2013. ECF Dkt. #1.

The undersigned therefore recommends that the Court find that Petitioner's conviction therefore became final on April 6, 2011 and the AEDPA statute of limitations began to run on that date and would have expired one year later on April 6, 2012 unless either statutory tolling or equitable tolling applied. Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) applies to any pending "properly filed" applications for state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2).

-8-

However, the tolling provision does not 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman*, 346 F.3d at 602, quoting *Rashid,* 991 F.Supp. at 259. Once the statute of limitations period has expired, state collateral review proceedings cannot impact the statute of limitations bar. *Id.*

A review of the record shows that Petitioner made no filings between February 17, 2011, the date of the Ohio appellate court's opinion on his direct appeal, and April 6, 2012, the date that the AEDPA statute of limitations expired. Petitioner's next immediate filing after his notice of appeal and appellate brief in the Ohio appellate court was a motion for resentencing in the trial court on May 24, 2012, which was after the AEDPA statute of limitations had expired. ECF Dkt. #9-1 at 76. Petitioner's other filings subsequent to the motion for resentencing were also filed after the AEDPA expiration date, with his Rule 26(B) application filed on July 26, 2012, his Rule 26(A) motion for reconsideration filed on November 19, 2012, and his notice of appeal and motion for leave to file a delayed appeal in the Supreme Court of Ohio on February 25, 2013. ECF Dkt. #9-1 at 58-66, 89-98, 121-124.

Since Petitioner made no filings within the relevant time period which would have statutorily tolled his time for filing his federal habeas corpus petition, the undersigned recommends that the Court find that Petitioner has untimely filed his federal habeas corpus petition.

### B. **EQUITABLE TOLLING**

The United States Supreme Court has held that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling allows a federal habeas court to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied,* ⎯⎯ U.S. ⎯⎯, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010)). In order to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 130 S.Ct. at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). A petitioner must

-9-

show that he exercised reasonable diligence in pursuing his rights, not maximum diligence. *Holland*, 130 S.Ct. at 2565.

The undersigned recommends that the Court find that Petitioner failed to establish that his federal habeas corpus petition is entitled to equitable tolling. Petitioner fails to assert any reason for the delay in filing his federal habeas corpus petition, leaving blank that portion of his petition which inquired about the timeliness of the petition and requested that Petitioner explain why the one-year AEDPA statute of limitations does not bar the filing of his petition. ECF Dkt. #1 at 12-14.

In the context of his delayed filing before the Supreme Court of Ohio, and as cause to excuse his procedural default of some of his grounds for relief in the instant petition, Petitioner raises the issue of the ineffectiveness of his appellate counsel whom he alleged failed to inform him of the Ohio appellate court's decision and failed to give him a copy of that decision. ECF Dkt. #13. The Sixth Circuit has held that "[b]oth ineffective assistance of counsel and 'a substantial, involuntary delay in learning about the status of their appeals' may constitute extraordinary circumstances sufficient to warrant relief" for federal habeas corpus review purposes. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012), quoting *Robinson*, 424 Fed. App'x at 442. However, the AEDPA statute of limitations will be tolled only if the circumstances were beyond the control of the litigant and were also unavoidable with reasonable diligence. *Id*. The Sixth Circuit has declined to apply equitable tolling where the petitioner alleged that the state court and his attorney failed to inform him that a decision had been rendered on his appeal where he sat on his rights and failed to diligently monitor the status of his appeal. *Id., citing Winkfield v. Bagley,* 66 Fed. App'x 578, 583-584 (6th Cir. 2003); *Elliott v. Dewitt*, 10 Fed. App'x 311, 312-313. "[P]etitioners who receive delayed notification of a state court judgment due to clerical or attorney errors may not seek equitable tolling if they 'passively await decision.'" *Robinson*, 424 Fed. App'x at 443 (quoting *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir.2002)). The Sixth Circuit has held that even if "attorney misconduct and delayed notification constituted an extraordinary circumstance for Petitioner, the district court did not err when it denied Petitioner's request for equitable tolling because Petitioner, 'acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'" *Robinson*, 424 Fed. App'x at 443, quoting *Jenkins v. Greene,* 630 F.3d 298, 303

(2d Cir.2010); *cf. Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

In the instant case, the record shows that the Ohio appellate court issued its decision on February 17, 2011. ECF Dkt. #9-1 at 6. Petitioner did not file a motion for delayed appeal in the Supreme Court of Ohio until February 25, 2013, some two years later, and in that motion asserted that his appellate counsel failed to notify him of the appellate decision. *Id*. at 61-62. Petitioner does not present an extraordinary circumstance that prevented him from filing a timely *federal* habeas corpus petition. *See Keeling*, 673 F.3d at 463.

Nor has Petitioner established that he has been reasonably diligent in pursuing his rights. While Petitioner fails to state any reason in his federal habeas corpus petition for its untimely filing, he did indicate in his motion for delayed appeal before the Ohio Supreme Court that he discovered the Ohio appellate court's decision in his case on April 9, 2012, when a family member found it on the internet. ECF Dkt. #9-1 at 62. He stated that he thereafter tried to contact his appellate counsel by letter and when she did not respond, he filed a grievance with the Disciplinary Counsel of the Supreme Court of Ohio. ECF Dkt. #9-1 at 111. According to Disciplinary Counsel's letter to Petitioner, Petitioner's grievance was received on April 17, 2012, some fifteen months after the Ohio appellate court issued its opinion. *Id*. Petitioner fails to explain why he waited so long before checking into the status of his appeal and why he waited to file his delayed appeal to the Supreme Court of Ohio. These factors lead the undersigned to recommend that the Court find that Petitioner was not diligent in pursuing his federal habeas corpus relief. *See Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely to the Ohio Supreme Court rather than filing his federal habeas petition and protecting his federal constitutional rights shows a lack of diligence). *See also Robinson*, 424 Fed. App'x at 442 ("[t]his Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half, and we decline to do so here. Cf. *Longazel v. Fort Dearborn Life Ins.* Co., 363 Fed.Appx. 365, 368–69 (6th Cir.2010) (denying equitable tolling where petitioner waited three years before inquiring about his case status);

*LaCava v. Kyler*, 398 F.3d 271, 277–78 (3d Cir.2005) (denying equitable tolling where petitioner waited twenty-one months before inquiring about his case status])."

Moreover, the record shows that Disciplinary Counsel responded to Petitioner on June 13, 2012, dismissing his grievance and explaining that Counsel had contacted Petitioner's appellate counsel and she maintained that she sent Petitioner a copy of the appellate briefs and the appellate decision. *Id.* Nevertheless, Disciplinary Counsel requested that appellate counsel mail Petitioner a copy of the appellate briefs and the appellate court decision. *Id.* Disciplinary Counsel enclosed a copy of a letter from appellate counsel to Petitioner dated May 22, 2012 in which appellate counsel attached a copy of the appellate briefs and the appellate court decision. *Id*. at 112-113. Petitioner remarked in his motion for delayed appeal to the Ohio Supreme Court that he did not receive a copy of the appellate court decision until May 25, 2012. *Id*. at 63. Thus, even presuming that Petitioner presented an extraordinary circumstance for the untimely filing of the instant petition and did not otherwise sit on his rights, and additionally giving him the benefit of the doubt by presuming that appellate counsel did not mail him a copy of the Ohio appellate decision, and he did not receive the Ohio appellate court decision until May 25, 2012, Petitioner still failed to file his federal habeas corpus petition on time as he filed the petition on June 4, 2013, which is still beyond the one-year filing period. ECF Dkt. #1.

For these reasons, the undersigned recommends that the Court find that Petitioner is not entitled to the equitable tolling of his federal habeas corpus petition because he has failed to demonstrate that filing his federal habeas corpus petition timely was beyond his control and that he was diligent in pursuing his rights.

### C. **ACTUAL INNOCENCE**

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). But "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Normally, in order to obtain collateral review of a defaulted claim upon a showing of actual innocence, a petitioner must establish that he is not only actually innocent of the charge which he seeks to attack, he must also demonstrate that he is actually innocent of all other more serious

-12-

charges which the government had foregone during the plea bargaining process. *See Bousley* at 1611-12; *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id*. at 324. The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should "only be applied in the "extraordinary case." *Id.* at 321.

Here, Petitioner presents no argument concerning actual innocence. ECF Dkt. #1 at 5. Accordingly, the undersigned recommends that the Court find that the actual innocence exception does not apply to allow consideration of Petitioner's federal habeas corpus petition despite his untimely filing.

## **VII. CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned DENIES Petitioner's motion for leave to amend his traverse (ECF Dkt. #13) and recommends that the Court find that Petitioner's instant federal habeas corpus petition is untimely filed and DISMISS the petition, in its entirety, with prejudice.


Date: November 13, 2014            */s/George J. Limbert*
                                    GEORGE J. LIMBERT
                                    UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).